IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(ALEXANDRIA DIVISION)

| | |
|---|---|
| SUSAN GLASS<br>14211 N. LAVA FALLS TRAIL<br>MARANA, ARIZONA 85658<br><br>      *Plaintiff*<br>v.<br><br>METROPOLITAN WASHINGTON<br>AIRPORT AUTHORITY<br><br>Serve: Office of the Secretary<br>      Metropolitan Washington Airports<br>      Authority<br>      1 Aviation Circle<br>      Washington, D.C. 20001<br><br>AMERICAN AIRLINES, INC.<br>1 Skyview Drive<br>Fort Worth, Texas 76155<br><br>Serve: Corporation Service Corporation<br>      100 Shockoe Slip Fl 2<br>      Richmond, Virginia 23219<br><br>C.O.A OF VIRGINIA, INC.<br>2035 Turner Road<br>North Chesterfield, Virginia 23225<br><br>Serve: Incorp Services, Inc.<br>      7288 Hanover Green Drive Ste A<br>      Mechanicsville, Virginia 23111<br><br>      *Defendants* | Case No. 23-1449 |

**COMPLAINT**

    COMES NOW Plaintiff Susan Glass, by and through counsel, Christopher M. FitzPatrick, Esq.

and Morgan & Morgan, DC, PLLC hereby files this Complaint against Defendants

METROPOLITAN WASHINGTON AIRPORT AUTHORITY, AMERICAN AIRLINES, INC., and C.O.A OF VIRGINIA, INC., and in support states as follows:

## JURISDICTION &VENUE

1. Venue is proper pursuant to 28 U.S.C. Section 1391.

2. Jurisdiction is vested in this court pursuant to 28 U.S.C. Sec. 1332 as the amount in controversy exceeds $75,000.00.

## PARTIES

3. Plaintiff, SUSAN GLASS, is an adult resident of Marana, Arizona.

4. Defendant, METROPOLITAN WASHINGTON AIRPORT AUTHORITY, is a District of Columbia public authority located in Washington, D.C.

5. Defendant, AMERICAN AIRLINES, INC. is a corporation with corporate headquarters located in Ft. Worth, Texas.

6. Defendant, METROPLOLITAN AIRPORT AUTHORITY, manages and controls, all transportation and responsible to ensuring safety to all persons who are traveling and or on the premises of Ronald Regan National Airport and within or near all ticket and baggage counters with respect to all airlines operating within Ronald Reagan Airport.

7. COA OF VIRGINA, INC. is a Virginia Corporation doing business in North Chesterfield, Virginia and at the time of this incident was the contractor responsible for all cleaning and janitorial services at RONALD REAGAN NATIONAL AIRPORT.

8. The Defendants METROPOLITAN AIRPORT AUTHORITY, AMERICAN AIRLINES, INC. and COA OF VIRGINIA, INC. either individually or by agents, representatives, servants or employees, jointly and severally, owned, managed, operated, supervised, secured, maintained,

exercised jurisdiction and control over The American Airlines terminal ticket counter at Ronald Reagan National Airport.

## STATEMENT OF FACTS

9. On March 1, 2023, Plaintiff SUSAN GLASS was traveling through Ronald Reagan Airport and checking her bags at the American Airlines Ticket counter in the American Airlines terminal for an American Airlines flight from Washington D.C. to Phoenix, AZ.

10. As Ms. Glass was preparing to get her American Airlines ticket, she was suddenly and without warning struck and/ or the area she was standing was obstructed by a cleaning cart operated by a COA OF VIRGINIA, INC. employee, servant and/or agent. As a result of this occurrence, Plaintiff sustained an extensive fracture to her left femur which required comprehensive invasive surgery that was performed at The Virginia Hospital Center in Arlington, Virginia.

11. Defendants, METROPLOLITAN WASHINGTON AIRPORTS AUTHORITY, AMERICAN AIRLINES, INC., and COA OF VIRGINIA, INC. owed a duty to the Plaintiff to ensure that the self-service ticket "kiage" area for American Airlines flights was safe and free from any dangerous hazards. Defendants also had a clear duty that employees operating cleaning carts were careful and acted in a safe and appropriate manner when operating large cleaning carts that can cause serious bodily injury to travelers within the Ronald Reagan National Airport and the American Airlines self-service ticket "kiage" area.

12. At all relevant times, Plaintiff acted in a careful and prudent manner, without any negligence contributing to the incident.

13. The aforementioned incident occurred as the sole proximate result of the negligent conduct of the Defendants.

**COUNT I: NEGLIGENCE**

14. Plaintiff adopts and incorporates all of the facts and allegations set forth above as if fully set forth herein and further states as follows:

15. At all times material hereto, all of the Defendants, had a duty of care to all travelers that were traveling at or near the American Airlines self-service ticket "kiage" counter, to exercise reasonable care to keep and maintain the American Airlines self-service ticket "kiage" counter in a condition reasonably safe for use by travelers.

16. In particular, the Defendants METROPLOLITAN WASHINGTON AIRPORTS AUTHORITY, AMERICAN AIRLINES, INC., and COA OF VIRGINIA, INC. had a duty to the Airport travelers within Ronald Reagan National Airport including the Plaintiff, Ms. Glass, to take reasonable precautions and safety measures as were reasonably necessary to protect the travelers and invitees from the foreseeable hazardous conditions.

17. Upon information and belief, the unidentified operator of the cleaning cart was an employee or agent of COA OF VIRGINIA, INC. and acting within the scope of her employment. Pursuant to the doctrine of Respondeat Superior, Defendant COA OF VIRGINIA, INC. is responsible for the acts and/or omissions of their employees.

18. Defendants METROPOLITAN WASHINGTON AIRPORT AUTHORITY, AMERICAN AIRLINES, INC., and C.O.A OF VIRGINIA, INC., were negligent and breached their duty to the Airline travelers within Ronald Reagan National Airport, including the Plaintiff, Ms. Glass to take reasonable safety measures to eliminate or correct the conditions posing as dangerous fall hazards in one or more of the following ways:

a) Defendants METROPOLITAN WASHINGTON AIRPORT AUTHORITY, AMERICAN AIRLINES, INC., and C.O.A OF VIRGINIA, INC., knew, should have known, or

    otherwise could have known that operating a cleaning cart in heavy and crowded pedestrian traffic posed a significant danger to travelers within Ronald Reagan National Airport and were negligent in permitting a cleaning cart to operate near the self-service ticket "kiage" counter.

    b) Defendants METROPOLITAN WASHINGTON AIRPORT AUTHORITY, AMERICAN AIRLINES, INC., and C.O.A OF VIRGINIA, INC., knew, or in the exercise of reasonable care should have known, that the premises near the American Airlines self-service ticket kiage center was used a means of the safe ingress and egress for airline travelers. As a result, cleaning employees, servants or agents of COA OF VIRGINIA, INC., created an inherent danger and serious risk bodily injury. Furthermore, Defendants METROPOLITAN AIRPORTS AUTHORITY, AMERICAN AIRLINES INC. were negligent in adequately supervising any employees, servants or agents of COA OF VIRGINIA, INC.

    c) Defendants METROPOLITAN WASHINGTON AIRPORT AUTHORITY, AMERICAN AIRLINES, INC., and C.O.A OF VIRGINIA, INC., negligently failed to prescribe, adopt, or promulgate rules or policies to ensure the safety protocols were in place and enforced preventing cleaning carts to be operated at or near the area of the American Airlines self-service ticket "kiage" counter.

19. Defendants' breach of their duties of care and as a result subjected the Plaintiff, Ms. Glass, to a foreseeable unreasonable risk of harm which proximately caused her to fall and proximately caused her personal injuries.

## DAMAGES AND AD DAMNUM

20. As a further direct and proximate result of the aforesaid negligence of the Defendants, Plaintiff suffered bodily injury in and about her body and extremities, resulting in pain and suffering, disability, disfigurement, permanent and significant scarring, mental anguish, loss of the capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of the ability to earn money, and loss of ability to lead and enjoy a normal life.

21. The losses are permanent and continuing in nature and Plaintiff will suffer the losses in the future.

**WHEREFORE,** Plaintiff, SUSAN GLASS, demands judgment against Defendants, METROPOLITAN AIRPORTS AUTHORITY, AMERICAN AIRLINES INC., and COA OF VIRGINIA, INC. in an amount of FIVE MILLION DOLLARS ($5,000,000.00) in compensatory damages plus costs of suit, pre-judgment interest, post-judgment interest from March 1st, 2023 and such other and further relief as this Court deems just and proper.

## REQUEST FOR A JURY TRIAL

Plaintiff, hereby requests a jury trial on all triable issues in the above-captioned matter.

Respectfully Submitted,

*/s/ Christopher M. FitzPatrick*
Christopher M. FitzPatrick, Esq.
VSB No.: 90394
Morgan & Morgan, DC, PLLC
1901 Pennsylvania Avenue, N.W. Suite 300
Washington, DC 20006
(202) 772-0584
(202) 772-0634 (fax)
cfitzpatrick@forthepeople.com