IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

SUSAN GLASS,
    Plaintiff.

v.                                                                     Civil No. 1:23cv1449 (DJN)

METROPOLITAN WASHINGTON
AIRPORT AUTHORITY, *et al.*
    Defendants.

## MEMORANDUM ORDER
### (Granting Leave to Conduct De Bene Esse Depositions)

This matter comes before the Court on Plaintiff's Motion for Leave to Conduct *De Bene Esse* Depositions. (ECF No. 27). Defendants Metropolitan Washington Airport Authority ("MWAA"), American Airlines ("AA"), and C.O.A. of Virginia, Inc. ("COA") oppose the Motion. (ECF Nos. 29–31). The matter has been fully briefed and was argued telephonically during a status call held on April 9, 2024. For the reasons that follow, the Court will GRANT Plaintiff's motion.

### I.     BACKGROUND

This action arises from an alleged personal injury that occurred at Ronald Reagan National Airport. According to the Complaint, on March 1, 2023, Plaintiff Susan Glass was flying from Washington, D.C. to Phoenix, Arizona on a flight operated by American Airlines. (ECF No. 1 ("Compl.") ¶ 9). While awaiting her ticket, Mrs. Glass was struck by a cleaning cart operated by COA. (*Id.* ¶ 10). The impact of the cart fractured Glass's femur, which required invasive surgery and resulted in long-term injury. (*Id.* ¶¶ 10, 20). On October 24, 2023, Glass brought the instant action, raising a single claim of negligence as to each Defendant. AA and

MWAA answered the Complaint on November 21 and 22, respectively.  (ECF Nos. 4, 6).  COA moved to dismiss for failure to state a claim on January 25, 2024.  (ECF No. 17).  Following an Initial Pretrial Conference on January 30, 2024, the Court suspended case deadlines and referred the matter to Magistrate Judge Lindsey R. Vaala for a settlement conference, which was held on March 22.  (ECF No. 20).  During that conference, the parties indicated that disputed issues currently preclude settlement and that, for medical reasons, resolution of this action may require a prompt deposition of Mrs. Glass and her husband, Richard Glass.  Judge Vaala established a briefing schedule for any motions for an early deposition.  Briefing concluded on April 8, and the parties appeared before the undersigned for a telephonic status call the following day, at which the matter was further discussed.

## II.     LEGAL STANDARD

A *de bene esse* deposition is taken to preserve a witness' testimony when there are reasons to suspect that the witness may be unavailable for trial.  Garner's Dictionary of Legal Usage 248 (3d ed. 2011).  Despite its gaudy Latin title, a *de bene esse* deposition is no different than any other deposition.  Although "a discovery deposition is [used] to discover information[,] [while] the purpose of a *de bene esse* deposition is to preserve testimony for trial," *Bouygues Telecom, S.A. v. Tekelec, Inc.*, 238 F.R.D. 413, 414 (E.D.N.C. 2006), the Federal Rules do not distinguish between the two.  *Tatman v. Collins*, 938 F.2d 509, 510 (4th Cir. 1991).

The Federal Rules permit the use of deposition testimony at trial only under a limited set of circumstances.  As relevant here, a witness may be considered unavailable — and their deposition used in lieu of live testimony — when the witness (1) resides "more than 100 miles from the place of hearing or trial" or (2) "cannot attend or testify because of age, illness, infirmity, or imprisonment."  Fed. R. Civ. P. 32(a)(4)(B)–(C).  Although Rule 32 speaks to the

2

circumstances *necessary* to admit deposition testimony, satisfaction of Rule 32 is not *sufficient* to admit that testimony. See *Chrysler Int'l Corp. v. Chemaly*, 280 F.3d 1358, 1362 (11th Cir. 2002) (explaining that courts should "consider all the circumstances" in "allowing or disallowing a deposition to be taken for use at trial"); *Polys v. Trans-Colo. Airlines, Inc.*, 941 F.2d 1404, 1410–11 (10th Cir. 1991) (admission of deposition testimonies at trial subject to abuse of discretion review).[1] Plaintiff thus must show that she both (i) satisfies Rule 32's standard for use of deposition at trial; and (ii) that the Court should grant leave to take such a deposition at this stage in the proceedings. These requirements must be met as to each witness whom Plaintiff seeks to have deposed.

### III. ANALYSIS

Plaintiff argues that she and her husband both satisfy the criteria of Rule 32 because (i) they reside more than 100 miles from the jurisdiction and (ii) their age, illness, and infirmity preclude attendance at trial. (ECF No. 27 ("Pl's Br.") at 2–3). Defendants, in turn, posit that Plaintiff has failed to meet the requirements of Rule 32 and that, in any event, allowing depositions at this stage would be highly prejudicial, because Plaintiff has provided only limited and insufficient discovery to allow for adequate preparation for a deposition. (ECF No. 29 ("COA Br.") at 2–3, 5); (ECF No. 30 ("AA Br.") at 2–4). The Court addresses each argument in turn.

---

[1] As other courts in this Circuit acknowledge, leave to take a deposition *de bene esse* is within a court's discretion to grant, even when Rule 32's terms are satisfied. See, e.g., *In re Horstemeyer*, 557 B.R. 427, 432 (Bankr. D.S.C. 2016) (surveying Fourth Circuit caselaw and concluding that granting a *de bene esse* deposition is a discretionary exercise); *Patterson v. W. Carolina Univ.*, 2013 WL 1629132, at *1 (W.D.N.C. Apr. 16, 2013) (holding that because Rule 32 only speaks to "the procedures for when a party may use a deposition in a court proceeding," the propriety of taking of a *de bene esse* deposition is governed by a court's local rules or administrative orders).

A.      **Satisfaction of Rule 32(a)(4)(B)**

Fed. R. Civ. P 32(a)(4)(B) provides that "a party may use for any purpose the deposition of a witness, whether or not a party, if the court finds: . . . (B) that the witness is more than 100 miles from the place of hearing or trial . . . unless it appears that the witness's absence was procedure by the party offering the deposition."  The 100 miles is measured from "the courthouse where the trial takes place," not the district's outer boundaries.  *Tatman*, 938 F.2d at 511–12.  Plaintiff and her husband reside in Marana, Arizona, more than 2,000 miles from this Court.  (Compl. ¶ 3).[2]

COA argues that Plaintiff should be denied the protections of Rule 32 because she has "purposefully availed [herself] of the jurisdiction and venue of this Court."  (COA Br. at 3).  But Rule 32 contemplates precisely that result:  the deposition of a witness — "*whether or not a party*" —may be used at trial.  Fed. R. Civ. P 32(a)(4).  As the Second Circuit has explained, the rule "is quite clear in its terms, which apply without exception equally to plaintiffs and defendants."  *Richmond v. Brooks*, 227 F.2d 490, 492 (2d Cir. 1955).[3]  In *Brooks*, then-Chief Judge Clark — who served on the Rules Committee that authored what became Rule 32 — allowed a plaintiff who resided in California to introduce her deposition testimony in a New York proceeding.[4]  *Id.* at 491.  This use was allowed even though the plaintiff had visited New

---

[2]      While Plaintiff's Brief states that she resides in Tucson, Arizona, this appears to simply be a difference in semantics; Marana lies just northwest of Tucson.  In any event, Plaintiff lives well outside the 100-mile radius of this Court as measured from either location.

[3]      The *Brooks* Court interpreted then-Rule 26(d), which was recodified as Rule 32(a) in 1970.  *See* Rule 32 Advisory Committee's Notes to 1970 Amendment.

[4]      *See* Michael E. Smith, *Judge Charles E. Clark and the Federal Rules of Civil Procedure*. 85 Yale L. J. 914, 915 (1976) (describing Judge Clark as "principally responsible for the drafting of the Federal Rules").

4

York just "two weeks prior to the start of the trial." *Id.* at 493.  As the court explained, the Federal Rules of Civil Procedure impose no requirement that a plaintiff live in the district in which they bring suit.  *Id.*  While courts paradigmatically "prefer[] . . . a witness's attendance at trial," *Garcia-Martinez v. City & Cnty. of Denver*, 392 F.3d 1187, 1191 (10th Cir. 2004), that preference fails to justify "add[ing] something to the rule which is not there and which effectually distorts its purpose and utility." *Brooks*, 227 F.2d at 492.  COA offers no contrary authority for its atextual construction of Rule 32, and the Court declines to impose such a blanket limitation.[5]

### B. The Court's Discretion

That Rule 32 covers Plaintiff's circumstances does not mean that Plaintiff's testimony is *per se* admissible; rather, the question is one of discretion.  *See, e.g.*, *Trans-Colo. Airlines*, 941 F.2d at 1410–11 (explaining that courts are "not automatically required to admit [] deposition testimonies under [FRCP 32(a)] just because the witnesses [are] more than 100 miles away.")  Among the factors relevant to allowing for the use of depositions at trial include "the circumstances relating to the witness's absence, the surprise to opposing counsel, evidentiary rules, and the longstanding preference of federal courts to have live testimony over recorded testimony." *Truth Tellers, LLC v. Levine*, 662 F. Supp. 3d 605, 620 (N.D.W. Va. 2023).

Here, Plaintiff provided timely notice to all Defendants that she wished to rely on Rule 32 nearly seven months before the anticipated trial.  Defendants have ample opportunity to prepare for the Glasses' depositions and for the use of those depositions at trial.  The circumstances of

---

[5]     Plaintiff's disinclination to attend trial does not draw her into the exceptions clause of Rule 32(a)(4)(B).  Although the Rule does not permit the introduction of deposition testimony if it "appears that the witness's absence was procured by the party offering the deposition," Fed. R. Civ. P. 32(a)(4)(B), "procuring absence and doing nothing to facilitate presence are quite different things." *Carey v. Bahama Cruise Lines*, 864 F.2d 201, 204 (1st Cir. 1988).

the witnesses' absence also counsels granting Plaintiff leave. Susan and Richard Glass are aged 80 and 81, respectively. (Pl. Br. at 2–3). In an affidavit, Mrs. Glass attests that she has limited mobility and may be medically unable to travel for trial. (ECF No. 27-1 ("Affidavit of Susan Glass") ¶¶ 3–4). Mr. Glass similarly avers that he suffers from serious medical conditions that could preclude travel. (ECF No. 27-2 ("Affidavit of Richard Glass") ¶ 7). And both relate that Mr. Glass is Susan's sole caregiver and therefore cannot abandon her in Arizona to travel to this District for trial. (Affidavit of Susan Glass ¶ 5; Affidavit of Richard Glass ¶ 4).

Defendants dispute the veracity of the Glasses' purported ailments and note that Plaintiff has failed to provide medical documentation for several of the conditions claimed. The Court agrees insofar as it cannot definitively conclude — on this record — that Plaintiff will be unable to attend trial come November, as contemplated by Rule 32(a)(4)(C) (requiring a witness to be unable to attend trial "because of age, illness, infirmity, or imprisonment"). But Defendants fail to persuade the Court that it cannot acknowledge the Glasses' health as relevant to the Rule 32(a)(4)(B) inquiry. The Glasses are of advanced age, and the gravamen of this action is that Plaintiff sustained serious medical injuries because of Defendants' conduct. That alone suffices to conclude that Plaintiff would endure significant hardship were she or her husband required to travel the great distance between their home and this Court. Undoubtedly, Defendants may also face hardship in their inability to elicit live testimony at trial. But Plaintiff assumes an equal "tactical burden [] by . . . proceeding to trial in her absence," a burden expressly contemplated by the Rule itself. *Brooks*, 227 F.2d at 492.

Finally, Defendants note that they would be highly prejudiced if they were required to promptly depose the Glasses, because Plaintiff's production in discovery has been less than

6

forthcoming.[6]  On this, Defendants stand on firmer footing.  Absent proper disclosure, Defendants cannot be expected to conduct a fulsome cross-examination of either witness.  And because Plaintiff and her husband contemplate not appearing at trial, Defendants may only have one bite at the apple.  With this in mind, the Court hereby GRANTS Plaintiff's Motion (ECF No. 27) conditioned on Plaintiff's resolution of the discovery deficiencies noted in Defendants' opposition.  Plaintiff shall be deposed within sixty (60) days of the entry of this Order, or on such date and time as mutually agreed to by the parties.  Plaintiff must complete discovery within thirty (30) days of any such deposition to allow Defendants adequate time with which to prepare.  Defendants may move to strike the depositions if Plaintiff fails to comply with this Order.

      Let the Clerk file a copy of this Order electronically and notify all counsel of record.

      It is so ORDERED.

                                            /s/
                                      David J. Novak
                                      United States District Judge

Alexandria, Virginia
Date: April 10, 2024

---

[6]     Plaintiff's motion does not include a specific request for when the depositions would occur, but in her affidavit, Mrs. Glass asks to be deposed "as soon as possible within 45 days." (Affidavit of Susan Glass ¶ 6).